UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/14
```

AMY WECHSLER,

           Plaintiff,

-v-

FOUR SEASONS HOTELS LTD.,

           Defendant.

No. 13 Civ. 8971 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Now before the Court is Defendant's motion to dismiss this case pursuant to the doctrine of forum non conveniens. For the reasons set forth below, the Court grants the motion.

I. BACKGROUND[1]

In December 2012, Plaintiff was vacationing at a hotel owned by Defendant in the Federation of Saint Christopher and Nevis ("Nevis"). (Am. Compl. ¶ 24.) On that vacation, Plaintiff was injured by an employee of Defendant while she was traversing a walkway from the hotel's Garden Pool to the Cabana Restaurant. (Am. Compl. ¶¶ 26–28.) Upon returning from her vacation, Plaintiff brought suit in New York Supreme Court seeking $10,000,000 in damages. (Doc. No. 1.) Defendant removed the case to this Court (*id.*), and Plaintiff subsequently submitted the Amended Complaint, which asserts claims for respondeat superior negligence, negligent supervision, and negligent design and maintenance of the walkway. (Am. Compl. ¶¶ 28–36, 38–40.)

At a conference on February 28, 2014, the Court ordered the parties to submit a joint letter addressing whether the case should be dismissed on forum non conveniens grounds. The

---

[1] For the purposes of this Order, all allegations in the Amended Complaint (Doc. No. 11 ("Am. Compl.")) are accepted as true.

parties submitted letters on March 21, 2014, in which Defendant indicated that it believed the case should be dismissed and Plaintiff disagreed. (Doc. Nos. 19, 20.) On March 24, 2014, the Court deemed Defendant to have made a motion to dismiss on forum non conveniens grounds and allowed the parties to make supplemental submissions. (Doc. No. 22.) Both parties filed their supplemental submissions on April 11, 2014. (Doc. Nos. 24, 25.)

## II. LEGAL STANDARD

Under the doctrine of forum non conveniens, a court with legal authority to hear a case may refuse to do so if a more appropriate forum exists elsewhere. *See Wiwa v. Royal Dutch Petrol. Co.*, 226 F.3d 88, 100 (2d Cir. 2000) ("[F]orum non conveniens is a discretionary device permitting a court in rare instances to dismiss a claim even if the court is a permissible venue with proper jurisdiction over the claim."). "The decision to dismiss a case on forum non conveniens grounds lies wholly within the broad discretion of the district court and may be overturned only when . . . that discretion has been *clearly abused.*" *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (emphasis in original).

In *Iragorri v. United Technologies Corp.*, the en banc Second Circuit set forth "a three-step process to guide" courts deciding whether to dismiss under forum non conveniens.[2] *Norex Petrol. Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005) (citing *Iragorri*, 274 F.3d at 73–74). "At step one, a court determines the degree of deference properly accorded the

---

[2] Neither the Supreme Court nor the Second Circuit has addressed whether forum non conveniens is controlled by state or federal law. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 n.13 (1981) (reserving on the question of whether *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), applies to forum non conveniens); *Can v. Goodrich Pump & Engine Control Sys., Inc.*, 711 F. Supp. 2d 241, 253 n.17 (D. Conn. 2010) (same); *Seales v. Panamanian Aviation Co. Ltd.*, No. 07 Civ. 2901 (CPS), 2009 WL 395821, at *10 n.11 (E.D.N.Y. Feb. 18, 2009) (same), *aff'd*, 356 F. App'x 461 (2d Cir. 2009). Instead, because federal law and New York law are close enough on the issue, courts usually avoid the question and apply federal precedents for convenience's sake. *See Seales*, 2009 WL 395821, at *10 n.11. The Court follows that practice here.

plaintiff's choice of forum." *Id.*  Courts should "give greater deference to a plaintiff's forum choice to the extent that it was motivated by legitimate reasons, including the plaintiff's convenience and the ability of a U.S. resident plaintiff to obtain jurisdiction over the defendant, and diminishing deference to a plaintiff's forum choice to the extent that it was motivated by tactical advantage." *Iragorri*, 274 F.3d at 73.

"At step two, [a court should] consider[] whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute." *Norex Petrol.*, 416 F.3d at 153. "An alternative forum is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *Id.* at 157 (internal quotation marks omitted).

"Finally, at step three, a court balances the private and public interests implicated in the choice of forum." *Id.* at 153.  Private interests to be weighed include "(1) ease of access to evidence; (2) the availability of compulsory process for the attendance of unwilling witnesses; (3) the cost of willing witnesses' attendance; (4) if relevant, the possibility of a view of premises; and (5) all other factors that might make the trial quicker or less expensive." *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 30 (2d Cir. 2002).  Public interests include avoiding court congestion, avoiding imposing jury duty "that ought not to be imposed upon the people of a community which has no relation to the litigation," "holding the trial in [the] view and reach [of interested parties] rather than in remote parts . . . where they can learn of it by report only," respecting the "local interest in having localized controversies decided at home," and "having the trial of a . . . case in a forum that is at home with the . . . law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Iragorri*, 274 F.3d at 73–74 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947)).

3

"[I]n the determination of a motion to dismiss for forum non conveniens, the court may consider affidavits submitted by the moving and opposing parties and make findings of fact." *Acosta v. JPMorgan Chase & Co.*, 219 F. App'x 83, 85 (2d Cir. 2007) (citations and internal quotation marks omitted). A court "may order limited discovery," *Martinez v. Bloomberg LP*, 740 F.3d 211, 216 (2d Cir. 2014), but should keep in mind that "[r]equiring extensive investigation would defeat the purpose of [a forum non conveniens] motion." *Piper Aircraft Co.*, 454 U.S. at 258.

### III. DISCUSSION

#### A. Step One – Deference to Plaintiff's Choice

Plaintiff is a New York resident who sued in her local state court. (*See* Doc. No. 1; Am. Compl. ¶ 1.) There is no evidence that Plaintiff brought the case in New York for any tactical reasons or for any reasons beyond her own convenience. As such, Plaintiff's choice of forum is entitled to great deference. *See Palacios v. Coca-Cola Co.*, 757 F. Supp. 2d 347, 352 (S.D.N.Y. 2010) ("[T]he greatest deference is afforded a plaintiff's choice of its home forum . . . ."), *aff'd*, 499 F. App'x 54 (2d Cir. 2012).

#### B. Step Two – Adequacy of the Alternative Forum

Defendant has consented to jurisdiction in Nevis. That consent satisfies the first prong of the adequacy test, that the defendant be amenable to service in the alternative forum. *See Connolly v. Kinay*, No. 11 Civ. 606 (RJS), 2012 WL 1027231, at *7 (S.D.N.Y. Mar. 27, 2012) (holding that a defendant's representation that it is amenable to service in the alternative forum is sufficient to satisfy the first element of the alternative forum test); *accord Norex Petrol.*, 416 F.3d at 157. Defendants have also shown that Nevis permits litigation on personal injury claims sounding in negligence. (*See* Aff. of Damian E.S. Kelsick, dated Mar. 13, 2014, Doc. No. 20 Ex. A ("Kelsick Aff."), ¶ 8); *see also Sevison v. Cruise Ship Yours, Inc.*, 37 V.I. 231, 1997 WL

530267, at *3 (D.V.I. Aug. 15, 1997) (finding that Nevis recognizes negligence claims). The Court therefore determines that Nevis is an adequate alternative forum.

### C. Step Three – Balancing Interests

#### 1. Private Interests

The private interests heavily favor dismissing this action. The employee of Defendant who allegedly injured Plaintiff is located in Nevis – outside of this Court's subpoena power, Fed. R. Civ. P. 45(b) – and the allegedly negligently-designed and negligently-maintained walkway is located in Nevis. *See Bohn v. Bartels*, 620 F. Supp. 2d 418, 432 (S.D.N.Y. 2007) ("[T]he Court's inability to compel the attendance of witnesses who reside [abroad] weighs in favor of dismissal . . . ."); *Rodriguez v. Torres*, No. Civ. B-04-036, 2004 WL 2952612, at *5 (S.D. Tex. Nov. 22, 2004) ("Although today's technology may provide a jury any required view of the accident scene through photographs, modules, animations, etc., if a viewing were required, it would be virtually impossible to allow in this case."); *Breindel v. Levitt & Sons, Inc.*, 294 F. Supp. 42, 44 (E.D.N.Y. 1968) (noting that an inability to view relevant premises could be "decisive" factor in favor of dismissal). Defendant also represents that documentary evidence and other relevant witnesses are located in Nevis. *See De Paula v. Jackson*, No. 94 Civ. 7020 (RPP), 1995 WL 296652, at *1 (S.D.N.Y. May 16, 1995) (holding that private factors weigh in favor of dismissal where "proof on the issue of liability and damages will depend for the most part on the testimony of witnesses that are residents and citizens of [a foreign country]."). Although Plaintiff and her physician are located in New York, they would not need to travel to Nevis to testify in a Nevis-based action because Nevis courts, unlike American courts, generally use written witness statements instead of oral testimony. (*See* Doc. No. 25 at 2; Kelsick Aff. ¶ 8.vii.)

5

Plaintiff argues that it would not be burdensome for Defendant to transport documents and that it would be possible to depose Nevis-based witnesses remotely. That, however, could be said in almost any forum non conveniens case. In any event, the issue is not whether trial is possible in this Court, but instead whether it would be substantially less convenient than another forum. Because Plaintiff would need to ensure the testimony of only herself and her own physician and would not necessarily have to transport any witnesses to Nevis, because Defendant would need to transport all of their documents and witnesses here – or obtain disfavored forms of testimony such as video deposition, *see DiRienzo*, 294 F.3d at 30 (noting the importance of live testimony for American courts) – and because the allegedly negligently designed walkway is located in Nevis, the Court determines that, on balance, Nevis is a substantially more convenient forum than this Court.

## 2. Public Interests

The public interest factors also favor Nevis. First, Nevis courts would be more familiar with the applicable law. Under New York choice of law, which this Court follows, "the first consideration is whether there is any actual conflict between the laws of the competing jurisdictions. If no conflict exists, then the court should apply the law of the forum state in which the action is being heard." *Excess Ins. Co. Ltd. v. Factory Mut. Ins. Co.*, 769 N.Y.S.2d 487, 489 (App. Div. 1st Dep't 2003), *aff'd*, 789 N.Y.S.2d 461 (N.Y. 2004). Thus, to the extent New York law differs from Nevis law – either on the elements of a claim or on the standards for reasonableness – the Court would apply Nevis law, with which it has little experience. *See Burnett v. Columbus McKinnon Corp.*, 887 N.Y.S.2d 405, 409 (App. Div. 4th Dep't 2009) ("Where the parties are domiciled in different states with conflicting local laws, the law of the situs of the tort typically applies . . . ."). To the extent New York law and Nevis law are identical

on an issue, the Court would apply New York law, but even deciding whether the laws are identical would necessarily involve analysis of Nevis law.

Second, because this action concerns property in Nevis and the actions of persons in Nevis, Nevis has a greater interest in deciding whether the conduct and design at issue were reasonable or not. *See Abouchalache v. Hilton Int'l Co.*, 464 F. Supp. 94, 98 (S.D.N.Y. 1978) (holding that the country where the alleged negligence occurred has a higher interest in determining whether there was negligence), *aff'd sub nom. Collins v. Hilton Int'l Co.*, 628 F.2d 1344 (2d Cir. 1980). To the extent New York jurors have a different view on negligent conduct than Nevis judges, there is no reason to impose those views on individuals and property located wholly abroad.

Third, although New York has an interest in any case involving a New York plaintiff, *Massaquoi v. Virgin Atl. Airways*, 945 F. Supp. 58, 63 (S.D.N.Y. 1996), that interest is reduced where a more convenient adequate alternative forum is available, *see Silver v. Great Am. Ins. Co.*, 328 N.Y.S.2d 398, 402 (N.Y. 1972) ("Although such residence is, of course, an important factor to be considered, [f]orum non conveniens relief should be granted when it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties."). Here, because Nevis provides an adequate alternative forum, because the case requires interpretation of Nevis law, because the injury occurred entirely in Nevis, and because most of the witnesses and evidence are located in Nevis, the Court determines that Nevis's interests in the case far outweigh New York's.[3]

---

[3] It is by no means clear that New York courts would have personal jurisdiction over Defendant, a Canadian corporation, in this case. *See O'Brien v. Hackensack Univ. Med. Ctr.*, 760 N.Y.S.2d 425, 426–28 (App. Div. 1st Dep't 2003) (holding that there was no personal jurisdiction under New York's long-arm statute over a non-New York-domiciliary defendant that negligently injured a New York-domiciliary plaintiff outside of New York, even where the defendant

7

\*   \*   \*

Although Plaintiff's choice of forum is entitled to great deference, that choice is not dispositive. *See Iragorri*, 274 F.3d at 71 ("[D]eference [to a plaintiff's choice of forum] is not dispositive and . . . may be overcome."); *see also Piper Aircraft Co.*, 454 U.S. at 255 n.23 ("[D]ismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper."). Here, the Court determines that the other factors sufficiently weigh in favor of a Nevis forum to overcome Plaintiff's choice. The Court therefore determines that this action must be dismissed.

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT the case is dismissed on the ground of forum non conveniens. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:   June 9, 2014
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

solicited the plaintiff's business in New York); *accord McGowan v. Smith*, 437 N.Y.S.2d 643, 645–46 (N.Y. 1981); *Vaichunas v. Tonyes*, 877 N.Y.S.2d 204, 204 (App. Div. 2d Dep't 2009); *Hermann v. Sharon Hosp., Inc.*, 522 N.Y.S.2d 581, 583 (App. Div. 2d Dep't 1987).